UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEKU CARTER,

                            Plaintiff,

                           -against-

THE CITY OF NEW YORK, C.O. [Corrections Officer] EPIFANIO VASQUEZ of DOC/IU, Shield # 534; C.O. JASON LOESCH, Shield # 4589; C.O. A. TAYLOR, Shield # 3777; CAPTAIN P. CONQUET; CAPTAIN REGINALD PATTERSON, Shield # 1306; C.O. EDWIN MORA, Shield # 18124; C.O. MICHAEL BRENNAN, Shield # 15117; INVESTIGATOR "FNU" [First Name Unknown] THOMPSON, Shield No. 2109; CAPTAIN "FNU" [First Name Unknown] RAMOS, Shield # 1451; C.O. "FNU" [First Name Unknown] RODRIGUEZ, Shield # 10125; JOHN DOES; and RICHARD ROES,

                            Defendants.

**OPINION AND ORDER**

18 Civ. 360 (ER)

Ramos, D.J.:

      Jeku Carter's suit against the City of New York and certain correction officers settled pursuant to a Rule 68 offer of judgment that includes attorney's fees. The City was approximately two months late in paying the settlement amount. Pending before the Court is Plaintiff's counsel's ("Rothman") motion seeking an award of (1) attorney's fees and costs of $3,105.00 expended in attempting to collect the settlement amounts; (2) $296.88 interest on late attorney's fees and costs; and (3) $1,183.60 interest on the late settlement amount due to Plaintiff. Doc. 35 at 3.

For the reasons set forth below, the Court awards Rothman $2,300.00 in attorney's fees and $296.88 for interest on attorney's fees. The request for interest on the Rule 68 amount due to Plaintiff is denied.

I. **Factual Background**

Jeku Carter brought this suit on January 16, 2018 alleging violations of his federal civil and state common law rights, pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, the First, Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Doc. 1 ¶ 1; Doc. 30 at 1.

On July 31, 2018, the matter was settled and pursuant to Federal Rule of Civil Procedure 68, Carter was obliged to take judgment against the City of New York ("City") for the sum of $30,001.00 and $10,750.00 in attorney's fees and costs. Doc. 30 ¶ 1. Carter agreed that 90 days from the date of acceptance of the offer was a reasonable time for payment. Doc. 30 ¶ 6; Doc. 31 at 2. The payment was due on October, 29, 2018. Doc. 31 at 2.

On January 3, 2019, when the payments had still not arrived, Rothman filed a letter with this Court seeking an order directing the City to pay settlement amounts. Doc. 31 at 1-3.

Prior to filing the letter, Rothman exchanged several emails with the City. On November 28, 2019, Rothman emailed the City's Comptroller's office stating that the payment was a month late. Doc. 31 at 2. In his email, he also indicated that payment of $10,750.00 in attorney's fees was due on December 17, 2018. Doc. 31 at 2. Rothman emailed the City again and an email exchange began on December 18, 2018. *Id*. The Comptroller's office stated that they would "expedite provision of the checks" and that they were aware of interest due on the $10,750 (attorney's fees). *Id*. When Rothman returned from a family vacation on December 25, 2018, however, the checks had not arrived. *Id*.

Thereafter, Rothman filed the letter with the Court. On January 4, 2019, the Court ordered the City to respond to Plaintiff's letter. Doc. 32 at 1. The checks were eventually mailed to Rothman on January 7, 2019. Doc. 35 at 1; Ex. 1.

On January 18, 2019, Rothman wrote in reply to the City's letter and argued that the City should be ordered to pay (1) $3,105.00 in additional attorney fees for the 4.6 hours he had to spend pursuing payment; (2) $296.88 in interest on the late $10,750 for attorney's fees and costs; and (3) $1,183.60 in interest on the late $30,001 underlying Rule 68 amount. Doc. 35 at 4.

## II. Applicable Legal Standards

"The standard of review of an award of attorney's fees is highly deferential to the district court." *Mautner v. Hirsch*, 32 F.3d 37, 38 (2d Cir. 1994) (citing *Seigal v. Merrick*, 619 F.2d 160, 161 (2d Cir. 1980)). Attorney's fees must be reasonable in terms of the circumstances of the particular case, and the district court's determination will be reversed on appeal only for an abuse of discretion. *Alderman v. Pan Am World Airways*, 169 F.3d 99 (2d Cir. 1999); *see Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 147 (2d Cir. 2001) ("the decision to award fees rests in the court's equitable discretion").

As outlined by the Second Circuit, calculating a reasonable fee requires an inquiry into the reasonable hourly rate and multiplying that figure by the reasonable number of hours worked. *Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 166-67 (2d Cir. 2011) (stating that this figure is known as the "lodestar" amount). In determining the reasonable hourly rate, "courts must look to the market rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Ognibene v. Parkes*, No. 08 Civ. 1335 (LTS), 2014 WL 3610947, at *2 (S.D.N.Y. July 22, 2014) (quoting *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998)).

In determining the reasonable number of hours worked, "the court takes account of claimed hours that it views as 'excessive, redundant, or otherwise unnecessary.'" *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "In reviewing the submitted timesheets for reasonableness, the Court relies on its own familiarity with the case, as well as on its experience with the parties' evidentiary submissions and arguments." *Ruiz v. Maidenbaum & Assocs. P.L.L.C.*, No. 12 Civ. 5044 (RJS), 2013 WL 3957742, at *4 (S.D.N.Y. Aug. 1, 2013) (citation omitted).

**III. Discussion**

**A. Attorney's Fees, "Fees on Fees"**

The Second Circuit held that courts have discretion to award fees on fees. *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979), *aff'd*, 448 U.S. 122 (1980). In the context of Rule 68 judgments, however, courts in this Circuit do not follow a uniform practice of awarding fees on fees. *See Johnson v. City of New York*, No. 11 Civ. 06176 (ENV), 2016 WL 590457, at *6 (E.D.N.Y. Feb. 11, 2016).

Some courts have held that provisions expressly limiting recoverable fees and expenses to those incurred prior to the Rule 68 offer are enforceable. *See Long v. City of New York*, No. 09 Civ. 699 (AKH), 2010 U.S. Dist. LEXIS 81020, at *5 (S.D.N.Y. Aug. 6, 2010) ("Finally, plaintiff's counsel is not entitled to fees and expenses for work done in preparing and filing this motion. The Rule 68 judgment limited recoverable fees and expenses to those incurred prior to the date of the offer."); *Schoolcraft v. City of New York*, No. 10 Civ. 6005 (RWS), 2016 WL 4626568, at *13.

Other courts have taken a broader approach, granting fees on fees when they are reasonable. *See Rosado v. City of New York*, No. 11 Civ. 4285 (SAS), 2012 WL 955510, at *6

4

(S.D.N.Y. Mar. 15, 2012) ("[A]s a matter of equity, plaintiff should be awarded some amount for the time his counsel spent in preparing the instant fee application. By not settling the attorneys' fees issue, the City was put on notice that time spent by counsel in seeking fees would become a component of 'reasonable attorney's fees.'").

The Court finds that as a matter of equity, Rothman should be awarded fees for the 4.6 hours he spent in pursuing this matter.

i. *Attorney's Reasonable Hourly Rate*

The Second Circuit has defined a "reasonable hourly rate" as "the rate a paying client would be willing to pay," bearing in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (N.Y. 2007). Additionally, the Court directed district courts consider the following factors when determining the reasonableness of an hourly rate:

> the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

*Arbor Hill*, 522 F.3d 182, 184. This Court has previously had occasion to review Rothman's hourly rate for work in civil rights cases. See *Lilly v. City of New York*, 2017 16 Civ. 322 (ER), 2017 WL 3493249, at *20 (S.D.N.Y. 2017). In *Lilly*, the Court found that while Rothman's qualifications and experience supported an hourly rate at the top of the range, the lack of complexity and brief duration of the case indicated that the

requested hourly rates of $600 and $625 were unreasonable and awarded an hourly rate of $450. *Lilly*, 2017 WL 3493249, at *10. Similarly here, the Court finds that charging an hourly rate of $675 for the 4.6 hours Rothman spent attempting to collect the amounts the City had already agreed to pay is also unreasonable, considering the lack of complexity, the city's acknowledgement of the debt, and the brief duration. Accordingly, considering the reasons articulated in *Lilly*, this Court finds an hourly rate of $500 to be more appropriate, allowing for an increase in the rate since *Lilly* was decided. *Lilly*, 2017 WL 3493249, at *13.

In calculating the reduction from the requested rate, the Court looked to recent awards of attorney's fees in similar cases. See *Williams v. City of New York*, No. 16 Civ. 233 (JPO), 2017 WL 1906899, at *2 (S.D.N.Y. 2017) ($400 hourly rate in Rule 68 offer); *Shabazz v. City of New York*, No. 14 Civ. 6417 (GHW), 2015 WL 7779267, at *4 (S.D.N.Y. 2015) ($350 hourly rate for a 'straightforward participation in case'), and *Charles v. City of New York*, No. 13 Civ. 3547 (PAE), 2014 WL 4384155, at *4 (S.D.N.Y. 2014) ($450 hourly rate in Rule 68 offer).

 ii. *Number of Hours Reasonably Expended*

The fee applicant bears the burden of demonstrating the number of hours expended and the type of work performed through contemporaneous time records that "specify, for each attorney, the date, the hours expended, and the nature of the work done." *Lilly*, 2017 WL 3493249, at *13 (citing *New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983)).

In Exhibit 3, Rothman provides the amount of time allocated to each task performed, with three hours dedicated to drafting the reply letter and the pre-motion conference letter, twenty-

four minutes on email correspondence, and twelve minutes to read the Defendants' opposition letter, for a total of 4.6 hours. Doc. 35 at 1.

      *a. Time Spent Drafting the Reply Letter Regarding Attorney's Fees and the Pre-Motion Conference*

The Court finds that a reasonable attorney would have spent approximately four hours to draft a reply letter regarding the attorney's fees and a pre-motion conference letter. Accordingly, the Court will not reduce Rothman's claimed hours in connection with the drafting of the Reply Letter and the Pre-Motion conference letter.

      *b. Time Spent Reading and Sending Emails*

Examining the email correspondence between the two parties, the Court finds that twenty-four minutes on email correspondence is not an unreasonable time to draft separate emails. "The process of drafting emails often involves more than transcribing one's thoughts." *Lilly*, 2017 WL 3493249, at *19. "Drafting may entail thoroughly considering the email's content before typing, finding and attaching relevant documents, and refreshing one's memory of facts that may need to be communicated to the other party." *Id*. Accordingly, the Court will not reduce Rothman's claimed hours in this respect since a reasonable attorney could have spent approximately twenty-four minutes to communicate with opposing counsel on this matter.

      *c. Time Spent Reading Defendants' Opposition Letter*

Plaintiff's counsel demonstrates that he spent twelve minutes reading the defendants' opposition letter and writing notes. While defendants' opposition letter is less than three pages, it is reasonable that an attorney would have spent a few minutes on formulating his response. Here, the Court finds that twelve minutes is not an unreasonable amount time to read and consider the defendants' opposition letter. Therefore, the Court will not reduce Rothman's claimed time in this respect.

*d. Calculation*

In total, the Court finds that the amount of time that Rothman is entitled to compensation for 4.6 hours at an hourly rate of $500. The City is ordered to pay the attorney's fee, totaling $2,300.00.

**B. Interest on Attorney's Fee**

In a civil action where a money judgment is obtained, "interest shall be calculated from the date of the entry of the judgment." 28 U.S.C. § 1961. "The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) (citing 28 U.S.C. § 1961(a)). Rothman argues that interest is due on the $10,750 attorney's fees and costs at a rate of 9% per annum pursuant to New York C.P.L.R. § 5003-a(b). Doc. 31 at 1; Doc. 35 at 2-3. Here, the Comptroller's Office claimed that it was preparing, on an expedited basis, a check for interest on plaintiff's attorney fees, calculated pursuant to 28 U.S.C. § 1961(a), a federal statute which provides for an interest rate "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a), Doc. 33 at 2.

Plaintiff argues that 28 U.S.C. § 1961(a) is not the applicable interest rate because the payment of attorney's fees was sent 90 days after settlement as per New York C.P.L.R. § 5003-a(b), and also explains that this is the first time the Law Department has argued that an amount of interest due on late-paid attorney's fees should be paid at a rate other than the 9% interest rate; *See*, *e.g.*, *Brown et al. v. City of NY, et al.*, 2012 U.S. Dist. LEXIS 24365 (E.D.N.Y. 2012); Doc. 35 at 3.

The Second Circuit has not yet ruled on the applicability of § 5003-a to settlements of federal claims." *Brown*, 2012 U.S. Dist. LEXIS 24365, at *2. "The few district courts that have addressed the issues have reached inconsistent results and provided little reasoning to explain their results." *Id*. (Compare *Nicaj v. City of New York*, 2009 WL 513941 (S.D.N.Y. Feb.26, 2009) (declining to apply § 5003–a); *Green v. City of New York*, 2000 U.S. Dist. LEXIS, 11691 (S.D.N.Y. Aug. 16, 2000)). "Similarly, the Second Circuit has not definitively ruled on whether, and to what extent, state-law principles apply to a federal court's interpretation of settlement agreements resolving federal claims." *See Powell v. Omnicom*, 497 F.3d 124, 129 n. 1 (2d Cir. 2007). Some district courts have held that disputes over federal settlements are "quintessentially ... of contractual interpretation and performance and wholly governed by state law." *Brown*, 2012 U.S. Dist. LEXIS 24365, *2 (citing *Bryant v. Emigrant Mortg. Co., Inc.*, 2011 WL 3876978, *6 (E.D.N.Y. Aug.31, 2011)).

In his complaint, Plaintiff claimed both federal and state law causes of action. Doc. 1 ¶ 1. Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Plaintiff accepted judgment against the City in satisfaction of all his federal and state law claims. Doc. 30 ¶ 1.

In this situation, the Court will grant Plaintiff's counsel the interest rate of 9% allowed by § 5003-(a)(b). On December 20, 2018, Plaintiff's counsel emailed the City, "[t]here is also a 9% interest due on the attorney's fees checks, since that was sent after 90 days from the provision of those settlement papers to your office." Doc. 35-2 at 3. The Comptroller's Office acknowledged that obligation the next day saying that they were aware of the interest due. Doc. 35-2 at 4. Therefore, the Court grants the Plaintiff's counsel 9% interest rate on late attorney's fees and costs, totaling $296.88.

### C. Rule 68 Amount

Rothman also argues that 9% interest pursuant to § 5003-a(b) should also be paid on the late $30,001.00 that was owed to Plaintiff, totaling $1,183.60. Doc. 35 at 2-3.

The City claims that plaintiff is not entitled to interest on that payment because the offer explicitly states: "[a]cceptance of this offer of judgment also will operate to waive plaintiff's rights to any claim for interest on the amount of the judgment." Doc. 33 at 2; Ex. A at 2. Additionally, the City states that Plaintiff's citation to *Brown v. City of New York* and *Elliot v. City of New York* is unavailing since those cases did not involve a Rule 68 offer. Doc. 33 at 3; *Brown*, 2012 U.S Dist. LEXIS 24365; *Elliot v. City of New York*, et al., 2013 U.S. Dist. LEXIS 96092 (S.D.N.Y.).

If the terms of the Rule 68 offer are clear, courts must "take care not to alter or go beyond the express terms of the agreement, or to impose obligations on the parties that are not mandated by the unambiguous terms of the agreement itself." *Steiner v. Lewmar, Inc.*, 816 F.3d 26, 31 (2d Cir. 2016) (quoting *Red Ball Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d. Cir. 1999)). Therefore, if the language of the Rule 68 offer and acceptance is clear and unambiguous, the contract is to be given effect according to its terms. *Id*. at 31.

In this case, while the Rule 68 offer was received 66 days late, the clear language states "by accepting the offer of judgment, plaintiff waives [his] right to any claim for interest on the amount of the judgment." Doc. 30 ¶ 5. Therefore, the request for interest on the Rule 68 amount is denied.

## V. Conclusion

For the reasons set forth above, the Court awards Rothman $2,300.00 in attorney's fees and $296.88 in interest on attorney's fees. The request for interest on the Rule 68 amount is denied.

The Clerk of Court is respectfully directed to enter judgment accordingly, terminate the motion, Doc. 31, and close this case.

It is SO ORDERED.

Dated: April 5, 2019
       New York, New York

                                                Edgardo Ramos, U.S.D.J.